## CITY OF MONAHANS v. AKIN et al.
### No. 2865.

Court of Civil Appeals of Texas. El Paso.
July 13, 1933.

Haag & Stubbeman, of Midland, for plaintiff in error.

Paul Moss, of Odessa, for receiver.

H. G. Russell, of Pecos, for defendants in error.

WALTHALL, Justice.

In this case the city of Monahans, a municipal corporation, sues the Odessa National Bank of Odessa, Tex., hereinafter referred to as the Odessa Bank, the Citizens' National Bank of Odessa, Tex., hereinafter referred to as the Citizens' Bank, both banks incorporated under the laws of Congress of the United States of America, and alleged to be in the hands of George C. Embry, receiver and liquidating agent, Wickliffe Skinner, J. W. Amburgey, and Carl Akin, and alleges, in substance, that on the 8th day of January, 1930, the city council of the city of Monahans selected the Odessa Bank as the depository bank for the city of Monahans for the ensuing year, and that on the 14th day of January, 1930, said depository bank, as principal, and said Wickliffe Skinner, Carl Akin, and J. W. Amburgey, as sureties, executed and delivered to the city of Monahans a statutory depository bond payable to the city of Monahans in the sum of $10,000, and that said bond was duly approved and accepted by the city of Monahans. The bond is set out at length in the petition. It shows that the bond was executed by the Odessa Bank as the depository bank for the city of Monahans under and by virtue of an act of the Texas Legislature, with the defendants named as sureties; it provides that the Odessa Bank, as principal, and Akin, Amburgey, and Skinner, as sureties, are obligated, in the amount stated, to the city of Monahans to perform the conditions of the bond, that is, to faithfully perform all the duties and obligations devolving by law or ordinance upon said depository bank, and pay upon presentation all checks drawn upon said depository by the treasurer of the city of Monahans when funds are in said depository bank applicable of said checks; the bond provides that all funds of the city of Monahans shall be kept by the depository bank and accounted for, and that for a breach of said bond the city of Monahans shall have its action and in its name. The bond shows to have been executed by the Odessa Bank, as principal, by its cashier, and is signed by defendants Carl Akin, J. W. Amburgey, and Wickliffe Skinner, as sureties, on the 14th day of January, 1930.

The petition then recites that on August 4, 1930, the Odessa Bank and the Citizens' Bank, pursuant to resolutions adopted by the respective boards of directors of said two banks, amalgamated and consolidated, and thereafter handled and conducted the business of the said two banks under the name of Citizens' Bank, and continued the business with the same directorate, and that by reason of which the defendants are now estopped to deny their liability on said depository bond.

The plaintiffs then allege that, pursuant to its designation of the Odessa Bank as the depository bank, the city of Monahans deposited in the Odessa Bank various sums of money, and had on deposit therein on August 4, 1930, $355.13, and that at the time of filing its suit (April 13, 1932) has on deposit in the Odessa Bank "and, or the Citizens' Bank," the sum of $1,513.34, funds of the city of Monahans, "protected and guaranteed" by said depository bond.

The petition alleges that the said two banks are now insolvent and their doors are closed, but that, prior to the closing of the Citizens' Bank, on April 11, 1931, and since said date, the city of Monahans presented to said depository bank for payment its certain checks, and payment thereof was refused, and that, by reason thereof, its depository bond has been breached and its sureties are liable on said bond in the sum of $1,513.34, for which the plaintiff city of Monahans sues the defendants named.

Defendants Wickliffe Skinner, J. W. Amburgey, and Carl Akin answer by plea in abatement, not urged here, by demurrers general and special, general denial, special denial to the effect that the term of the depository agreement and the depository bond was limited in the order selecting said depository, and by the statutes creating a depository to one year; that under the law the depository selected in January, 1930, could not extend beyond the regular meeting of the Monahans city council for the month of July, next ensuing; that, in any event, under the law under its own terms the bond contract terminated on the 8th day of January, 1931, and defendants are not liable for money deposits made after the expiration of said bond; they deny any default; allege that the city of Monahans withdrew from the depository bank all its money when the bond contract terminated, that on August 4, 1931, the Odessa Bank transferred to the Citizens' Bank all its cash, securities, notes, and evidences of debts in amount equal to its liabilities, except the liabilities to its stockholders, and the Citizens' Bank assumed such indebtedness and especially the liability to the city of Monahans and the Citizens' Bank assumed such indebtedness, and that the city of Monahans ratified such transfer, and thereafter deposited its funds in the Citizens' Bank and made no further deposit in the Odessa Bank, and for reasons stated defendants are released on said bond contract.

Defendant George C. Embry, receiver, on his own behalf answered by general demurrer and general denial, by verified answer alleged his appointment as receiver of the Citizens' Bank but not of the Odessa Bank; that the Citizens' Bank suspended business on April 14, 1931, at which time the city of Monahans had two accounts with the Citizens' Bank totalling $1,513.34; that the city of Monahans filed certain claims with defendant, stating same, and for which defendant issued and delivered to defendant receivers certificates, and at times stated defendant issued and delivered to defendant dividend checks for amounts stated, and that all of said dividend checks have been fully paid.

The bank filed no answer.

The case was submitted to the court without a jury. The court filed findings of fact and conclusions of law.

The court found: The Odessa Bank, with defendants Akin, Amburgey, and Skinner, executed and delivered to the city of Monahans the depository bond sued on, and conditioned as stated in the findings; that the Odessa Bank continued to act as depository up to August 4, 1930, following the date of the bond; that while so acting said bank was a separate institution with different officers and stockholders and place of business from

the Citizens' Bank; on August 2d Henry Pegues, a director of the Citizens' Bank, arranged to purchase certain amount of stock of the Odessa Bank (stating its value) including the stock of defendants Akin, Amburgey, and Skinner; on August 4th the directors of the Odessa Bank resigned and a new board were elected, and that the Odessa Bank through its new directors and officers contracted with the Citizens' Bank "that the business of the two Banks should be amalgamated and handled through the Citizens National Bank of Odessa. I further find that the business that was amalgamated of the two Banks was the notes and accounts due, together with the deposits and nothing else was amalgamated." None of the officers of the Odessa Bank prior to August 2, 1930, became officers of the Citizens' Bank. On August 4, 1930, the city of Monahans had $355.13 on deposit with the Odessa Bank which on that date was transferred to the Citizens' Bank; and thereafter the city of Monahans continued to make their deposits in the Citizens' Bank and checked on said Citizens' Bank and made no objections thereto and required no new bond to be made by the Citizens' Bank; subsequent to August 5, 1930, the city of Monahans withdrew more than $355.13 from the Citizens' Bank; on January 14, 1931, the city of Monahans had on deposit with the Citizens' Bank sums totalling $2,166.06, and subsequent to that time, and before the Citizens' Bank closed for liquidation (April 11, 1931), the city of Monahans, by treasurer's checks, withdrew more than $2,166.06 from the Citizens' Bank; on April 11, 1931, the Citizens' Bank became insolvent and ceased to do business and passed into the hands of George C. Embrey.

At the request of plaintiff, the court made additional findings. They are as follows: Defendants Akin, Amburgey, and Skinner were officers and directors of the Odessa Bank up to August 2, 1931; on that day, and at the same meeting, the officers and directors were elected as successors to said Akin, Amburgey, and Skinner; on April 11, 1931, when the Citizens' Bank closed and ceased to do business, the city of Monahans had on deposit in said bank the sum of $1,513.34; since April 11, 1931, the city of Monahans has, through the receiver, received 23½ per cent. of said sum, and has not been paid 76½ per cent. of said sums.

The court said, in concluding his findings, that in his original finding there was an amalgamation of the business of the two banks, but not an amalgamation of the banks themselves, "is based upon all of the evidence, both oral, documentary and written instruments introduced during the trial of the case."

The court expressed at some length the court's conclusions of law, which we need not here state. The court entered judgment

that plaintiff, city of Monahans, take nothing by its suit, and from which judgment the city of Monahans, by writ of error, prosecutes this appeal.

## Opinion.

Plaintiff in error discusses this appeal under two propositions; they are as follows:

First. "The court having found that there was an amalgamation of the business of the two banks, there was such an amalgamation or merger of the two institutions as to make the sureties on the depository bond of the Odessa National Bank liable for funds in the institution going under the name of the Citizens National Bank, after August 4, 1930."

Second. "The uncontroverted evidence showing that there was an amalgamation or merger of the two banks, the sureties on the depository bond of the Odessa National Bank were liable for funds deposited in the institution going under the name of the Citizens National Bank after said amalgamation or merger."

The trial court's findings of fact are not attacked by plaintiff in error.

Plaintiff in error discusses the two propositions together. The contention, in effect, is that under the findings of the trial court that the Citizens' Bank after August 4, 1930, was a continuation of the Odessa Bank with the same identity, thus bringing this case within the rule applied in the cases of Cooper Grocery Co. v. Eppler (Tex. Civ. App.) 204 S. W. 338; Goodwin v. Abilene State Bank (Tex. Civ. App.) 294 S. W. 883, and City National Bank et al. v. Eastland County (Tex. Civ. App.) 12 S.W.(2d) 662, and similar cases; that, by reason of the consolidation of the two banks and the taking over and continuance of the business of the Odessa Bank by the Citizens' Bank, the plaintiff in error, city of Monahans, should have judgment (apparently against the sureties) for the 76½ per cent. of the $1,513.34 in the Citizens' Bank and unpaid at the time of the trial; the Citizens' Bank being closed then and in the hands of the federal receiver for liquidation. We have concluded that the record does not support that contention. The court's findings do not support such contention. The contention of plaintiff seems to be based on a statement of the trial court in the additional conclusions of law as follows: "I conclude that had there been an amalgamation of the banks themselves, plaintiff would be entitled to recover of the defendants 76½ per cent.

of $1,513.34, plus interest, but that plaintiff is entitled to no recovery because of my finding that there was an amalgamation of the business of the two banks but not of the banks themselves."

If the judgment entered by the trial court is such as should have been entered on the facts found, we might not be justified in discussing a bare conclusion of law found by the trial court, not affecting the judgment. We have concluded that the judgment entered was such as should have been entered on the undisputed facts, regardless of whether there was an amalgamation or continuance of the two banks in the Citizens' Bank. As to the sureties, they assumed no obligation beyond their depository contract to be responsible for funds deposited with the Odessa Bank. City National Bank et al. v. Eastland County (Tex. Civ. App.) 12 S.W.(2d) 662. Now, as we understand it, the question presented would be different had the city of Monahans' funds all been paid into the Odessa Bank and none paid into the Citizens' Bank; the question then would arise as to the time when the liability on the contract bond would end. But such is not the case. Here, regardless of the time when the term of liability on the bond would expire, liability attaches only for funds paid to the depository bank named in the depository contract. The funds on deposit in the Odessa Bank, at the time of the closing of that bank, were paid through the Citizens' Bank before closing its doors for liquidation.

The funds paid into the Citizens' Bank by the city of Monahans and remaining in said bank at the time of the closing of the Citizens' Bank were in the hands of the federal receiver of that bank, and at the time of the trial its affairs were in process of liquidation; as to the funds in said bank involved here same had partly been paid to plaintiffs in error and accepted on dividends declared by said receiver, and of the 76½ per cent. remaining unpaid no dividend had been declared.

There is no dispute between the city of Monahans and the receiver as to the amount claimed, and the classification of such claim as an unsecured claim. The judgment provides that the payment of dividends by the receiver is not affected by the judgment.

Finding no reversible error, the case is affirmed.